# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| YOOSUF MOMENT,<br><br>    Plaintiff,<br><br>vs.<br><br>JAY MURRAY Dubuque Police Department,<br><br>    Defendant. | No. 21-cv-1016-LTS-MAR<br><br>**REPORT AND RECOMMENDATION** |

_____

## I.  INTRODUCTION

Before me is Defendant's Motion for Discovery Sanctions, filed March 5, 2025. (Doc. 23.) Plaintiff has filed no resistance. Because the sanctions I recommend include dismissal of the action, I have chosen to proceed by issuing a Report and Recommendation. *See Avionic Co. v. Gen. Dynamics Corp.,* 957 F.2d 555, 559 (8th Cir. 1992) (district court properly adopted the magistrate judge's report and recommendation of dismissal as a discovery sanction.) I find that no hearing on the matter is necessary.

## II.  BACKGROUND

Plaintiff's Complaint (Doc. 1-1) alleges he was assaulted by Defendant on July 15 or 16, 2019. In Plaintiff's supplement (Doc. 2), Plaintiff specifically alleges that Defendant approached him while he sat in his vehicle at a gas station and "punched me in the face with a weapon in his hand . . . as I stepped out of [my] truck." Plaintiff alleges that the attack was sudden and unprovoked, and resulted in him having a seizure and being hospitalized.

The lawsuit devolved into to a series of motions by Defendant to compel discovery and for sanctions, all arising for Plaintiff's failure to provide discovery and appear for his deposition

This is not the first time the Court has addressed Plaintiff's failure to provide discovery responses and appear for his deposition.  My Order of February 5, 2025 states:

> Here, Plaintiff has failed to comply with his discovery obligations. Plaintiff was properly noticed for a deposition on January 14, 2025, and was provided notice both by regular mail and email. Plaintiff failed to appear for his deposition, forcing Defendant's counsel to expend resources traveling to and from the deposition site. Defendant made a record of Plaintiff's absence, confirming his failure to comply with Rule 37(d). In addition to failing to attend his deposition, Plaintiff has also failed to respond to written discovery requests. Rule 33(a) requires parties to answer interrogatories fully. Plaintiff's failure to engage in these discovery obligations violates the Federal Rules of Civil Procedure and prejudices Defendant's ability to prepare his case. Defendant has made several attempts to communicate with Plaintiff regarding past-due discovery and the scheduled deposition, but Plaintiff has not responded, demonstrating a pattern of willful noncompliance. Defendant requests dismissal with prejudice, which can be an appropriate sanction for willful discovery violations. Nevertheless, the **Court will provide Plaintiff one final opportunity** for compliance. Plaintiff is ordered to appear for a rescheduled deposition within 30 days of this order. Defendant shall confer with Plaintiff about available dates and locations. However, because Plaintiff failed to appear for his deposition, Defendant may require Defendant to appear for the deposition at Defendant's counsel's office on 14-days' notice, if the parties cannot agree on a time and place. Plaintiff shall fully answer the interrogatories and respond to the requests for production of documents propounded upon him within 14 days of this order. Plaintiff's failure to comply with this order may result in dismissal of this action with prejudice. Furthermore, under Rule 37(d)(3), Defendant is entitled to reasonable expenses and attorney's fees caused by Plaintiff's failure to appear. Defendant has requested $740 in costs, which includes travel expenses and time spent waiting for Plaintiff's deposition. The Court find this amount reasonable and orders Plaintiff to pay Defendant $740.

Doc. 20.  (Emphasis added.)

Defendant's current motion indicates that Plaintiff did not comply with my February 5, 2025 Order. "Plaintiff failed to provide written discovery responses within the time ordered by the Court. Additionally, Plaintiff failed to appear for his deposition on March 4, 2025." Defendant's motion further states "[b]ecause of Plaintiff's willful disregard for the Court's Order, and complete failure to provide any discovery, Defendant requests that Plaintiff's Compliant be dismissed with prejudice."

### III.   DISCUSSION

Defendant principally relies on Federal Rule of Civil Procedure 37(d) which permits the Court to issue sanctions if "a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Defendant also relies on Plaintiff's repeated failures to provide discovery and comply with the Court's orders.

> Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice. [*Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014.)] If the violation is willful and in bad faith, then the appropriateness of dismissal as a sanction is "entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992). Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam). "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

*Burgett v. Gen. Store No Two Inc.*, 727 Fed. Appx. 898, 900 (8th Cir. 2018) (unpublished), *cert. denied sub nom. Burgett v. Gen. Store No. Two, Inc.*, 139 S. Ct. 2638 (2019).

*Burgett* upheld the dismissal of a civil rights action as a sanction under Federal Rules of Civil Procedure 37(b)(2) and 41(b) for the plaintiff's violation of court orders. *Id*. Those orders included an order requiring the plaintiff to attend a discovery-dispute hearing, an order requiring him to answer interrogatories and to provide requested

3

authorizations, and an order directing the parties to confer as to the date and time of the continued deposition of the plaintiff and requiring him to appear at the continued deposition. *Id.* The only significant distinction between *Burgett* and the case at bar is that the plaintiff in *Burgett* at least attempted to offer justifications for his violations. *Id.* at 901.

Here, Plaintiff offers no excuse and has not filed a resistance to Defendant's current Motion for Discovery Sanctions (Doc. 23). Based on this record, I can only conclude that Plaintiff willfully and in bad faith violated discovery rules and my Order that required him to produce information and appear for his deposition. I find these violations and Plaintiff's failure to attend his deposition have prejudiced Defendant in its ability to prepare the case for trial and to file a dispositive motion.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I respectfully **recommend** that the Motion for Sanctions **(Doc. 23)** filed by the Defendant be **granted**. I further **recommend** that Plaintiff's complaint be **dismissed with prejudice**. I finally recommend that Plaintiff's pending motion at Doc. 24 seeking to reconsider his failed attempts to obtain discovery be denied as **moot**.

As stated in my February 5, 2025, Order Plaintiff is ordered to pay Defendant $740.

The parties must file objections to this Report and Recommendation within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. See Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to de novo review by the District Court of any portion of the Report and Recommendation as well

as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

      **DONE AND ENTERED** this 20th day of March, 2025.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa