IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

YOOSUF MOMENT,

    Plaintiff,

vs.

JAY MURRAY,

    Defendant.

No. C21-1016-LTS-MAR

**ORDER ON REPORT AND RECOMMENDATION**

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) (Doc. 27) filed by United States Magistrate Judge Mark A. Roberts. Judge Roberts recommends that I grant defendant Jay Murray's motion (Doc. 23) to dismiss as a sanction under Federal Rule of Civil Procedure 37(b)(2), deny all remaining pending motions as moot and enter judgment in favor of Murray. Doc. 27. Moment has not objected to the R&R and the time to do so has passed.[1]

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Judge Roberts summarized the relevant factual background and procedural history in his R&R, as follows:

> Plaintiff's Complaint (Doc. 1-1) alleges he was assaulted by Defendant on July 15 or 16, 2019. In Plaintiff's supplement (Doc. 2), Plaintiff specifically alleges that Defendant approached him while he sat in his vehicle at a gas station and "punched me in the face with a weapon in his hand . . . as I

---

[1] On April 1, 2025, I denied without prejudice Moment's motion for an extension of time to respond to the R&R. Doc. 31. On April 18, 2025, the court was notified that Moment did not receive that order, as it was returned as undeliverable. Doc. 34. That same day, the order was resent to Moment's updated address. *Id.* It has been over one month since that order was sent to Moment and he still has not taken any further action.

stepped out of [my] truck." Plaintiff alleges that the attack was sudden and unprovoked, and resulted in him having a seizure and being hospitalized.

The lawsuit devolved into to a series of motions by Defendant to compel discovery and for sanctions, all arising [from] Plaintiff's failure to provide discovery and appear for his deposition[.]

This is not the first time the Court has addressed Plaintiff's failure to provide discovery responses and appear for his deposition. My Order of February 5, 2025 states:

> Here, Plaintiff has failed to comply with his discovery obligations. Plaintiff was properly noticed for a deposition on January 14, 2025, and was provided notice both by regular mail and email. Plaintiff failed to appear for his deposition, forcing Defendant's counsel to expend resources traveling to and from the deposition site. Defendant made a record of Plaintiff's absence, confirming his failure to comply with Rule 37(d). In addition to failing to attend his deposition, Plaintiff has also failed to respond to written discovery requests. Rule 33(a) requires parties to answer interrogatories fully. Plaintiff's failure to engage in these discovery obligations violates the Federal Rules of Civil Procedure and prejudices Defendant's ability to prepare his case. Defendant has made several attempts to communicate with Plaintiff regarding past-due discovery and the scheduled deposition, but Plaintiff has not responded, demonstrating a pattern of willful noncompliance. Defendant requests dismissal with prejudice, which can be an appropriate sanction for willful discovery violations. Nevertheless, the Court will provide Plaintiff one final opportunity for compliance. Plaintiff is ordered to appear for a rescheduled deposition within 30 days of this order. Defendant shall confer with Plaintiff about available dates and locations. However, because Plaintiff failed to appear for his deposition, Defendant may require Defendant to appear for the deposition at Defendant's counsel's office on 14-days' notice, if the parties cannot agree on a time and place. Plaintiff shall fully answer the interrogatories and respond to the requests for production of documents propounded upon him within 14 days of this order. Plaintiff's failure to comply with this order may result in

> dismissal of this action with prejudice. Furthermore, under Rule 37(d)(3), Defendant is entitled to reasonable expenses and attorney's fees caused by Plaintiff's failure to appear. Defendant has requested $740 in costs, which includes travel expenses and time spent waiting for Plaintiff's deposition. The Court find this amount reasonable and orders Plaintiff to pay Defendant $740.
>
> Doc. 20. (Emphasis added.)
>
> Defendant's current motion indicates that Plaintiff did not comply with my February 5, 2025 Order. "Plaintiff failed to provide written discovery responses within the time ordered by the Court. Additionally, Plaintiff failed to appear for his deposition on March 4, 2025." Defendant's motion further states "[b]ecause of Plaintiff's willful disregard for the Court's Order, and complete failure to provide any discovery, Defendant requests that Plaintiff's [complaint] be dismissed with prejudice."

Doc. 27 at 1-3. Because neither party has objected to the R&R, I will rely on this background in this order. Judge Roberts filed the R&R on March 20, 2025. Doc. 27.

### III. APPLICABLE STANDARDS

A district judge reviews a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); Local Rule 72(d), 72A (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, when a party objects

3

to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV.    ANALYSIS

Judge Roberts recommends dismissing this case as a discovery sanction under Federal Rule of Civil Procedure 37. Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Roberts applied the appropriate legal standard in evaluating whether Moment's repeated failures to appear for his depositions, despite being served with proper notice, warranted dismissal of his case as a discovery sanction. In arriving at this conclusion, I have reviewed *Burgett v. Gen. Store No Two Inc.*, 727 Fed. Appx. 898 (8th Cir. 2018), the primary case that Judge Roberts discussed in the R&R. *Burgett* upheld the dismissal of a civil rights action as a sanction under Federal Rules of Civil Procedure 37(b)(2) and 41(b). I agree with Judge Roberts' analysis of that

case and his conclusion that the only significant distinguishing factor between *Burgett* and this case is that Moment's behavior in this case is even more egregious, given that he did not even try to offer justifications for his violations. *Burgett,* 727 Fed. Appx. at 901; Doc. 27 at 4. As such, I agree that based on the record in this case, the only logical conclusion is that Moment willfully and in bad faith violated both his discovery obligations and Judge Roberts' order requiring him to produce information and appear for his deposition. Doc. 27 at 4. I further agree that these violations have prejudiced Murray because they have hindered his ability to litigate the case effectively and prepare for trial if needed. *Id.* As such, I adopt the R&R in its entirety.[2]

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** the report and recommendation (Doc. 27) **without modification**.

2. Pursuant to the report and recommendation, defendant Jay Murray's motion (Doc. 23) to dismiss as a sanction under Federal Rule of Civil Procedure 37 is hereby **granted**. This action is hereby **dismissed with prejudice**.

---

[2] At various points throughout this case, Moment has alleged that he has not received documents from the court. *See e.g.*, Doc. 28. However, Moment has repeatedly failed to comply with Local Rule 3(c), which requires pro se parties to inform the court of address changes. For instance, on April 1, 2025, the court denied Moment's request for additional time to oppose the R&R and on April 3, 2025, the court granted Moment's motion to file electronically. Docs. 31, 32. Because the text of Moment's recent filings indicated that he had changed addresses (*see* Doc. 30), without textually providing an updated address, the court sent those orders to the return address listed on Moment's motion to file electronically (Doc. 28 at 3). When those orders were returned to the court as undeliverable, the court sent the filings to the most recent address that Moment supplied to the opposing party (*see* Doc. 33 at 2) because Moment's motion stated that he provided his updated information to the opposing party. Although those documents were not returned to the court as undeliverable, Moment has not responded, and the court notes that the address used by the opposing party was the address the court previously had for Moment. Thus, it is unclear if Moment received those orders. However, the court has made every attempt to notify Moment of the developments in this case. Any allegation that Moment has not received communications from the court are a direct result of his failure to comply with LR 3(c) and do not constitute a reason to decline to adopt the R&R.

5

3. All other pending motions are hereby **denied** as moot.

4. Moment is directed to pay $740.00 to defendant Jay Murray as a monetary sanction for failing to appear at his deposition. *See* Doc. 20.

5. Judgment **shall enter** in favor of defendant Jay Murray and the Clerk of Court shall **close this case**.

6. Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a party wishing to appeal a judgment in a civil case must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." The Clerk's office is directed to send Moment a copy of Form 1A from the Appendix of Forms from the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED** this 13th day of June, 2025.

_____
Leonard T. Strand
United States District Judge